UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA AVILA,<br><br>                            Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 TO 20,<br><br>                            Defendants. | Case No.: 3:23-cv-01362-H-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND; AND**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>[Doc. No. 5.] |

On July 27, 2023, Defendant Costco Wholesale Corporation ("Costco") removed this case from the Superior Court of California, County of San Diego on the basis of diversity jurisdiction. (Doc. No. 1.) On August 11, 2023, Plaintiff Norma Avila ("Plaintiff") filed a motion to remand and requested an award of attorney's fees and costs as a result of the removal. (Doc. No. 5.) On August 25, 2023, Costco filed a response in opposition to Plaintiff's motion. (Doc. No. 6.) On August 28, 2023, Plaintiff filed a reply. (Doc. No. 7.) On September 11, 2023, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the parties' papers. (Doc. No. 9.) For the reasons that follow, the Court grants Plaintiff's motion to remand, denies Plaintiff's request for

attorney's fees and costs, and remands this action back to state court.

I.  BACKGROUND

On April 12, 2023, Plaintiff brought this action against Costco and Does 1 through 20 in the Superior Court of California, County of San Diego. (Doc. No. 1-4, Compl.) The complaint alleges that, on or around April 18, 2021, Plaintiff sustained injuries when she slipped and fell at a Costco retail store located in Vista, California. (Id.) Plaintiff alleges that a "slippery substance" on the floor caused her to fall and sustain "severe and serious injury to her person." (Id.) As a result of the fall, Plaintiff alleges that she was "required to employ the services of hospitals, physicians, nurses, or other professional services." (Id.) Based on these allegations, the complaint advances two causes of action against Costco: (1) general negligence; and (2) premises liability. (Id.) In her complaint, Plaintiff seeks general damages, hospital and medical expenses, wage loss, and loss of earning capacity. (Id.)

On June 29, 2023, Plaintiff effected service of process on Costco. (Doc. No. 1-4, Service of Process.) Concurrent with the complaint, Plaintiff served a statement of damages. (Doc. No. 1-4, Statement of Damages.) Plaintiff's statement of damages states that Plaintiff seeks $50,000 in medical expenses, $50,000 in future medical expenses, $50,000 in pain, suffering, and inconvenience damages, and $50,000 in emotional distress damages, for total alleged damages of $200,000. (Id.)

On July 27, 2023, Costco removed Plaintiff's action from the Superior Court of California, County of San Diego to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. No. 1.) By the present motion, Plaintiff moves to remand the action back to state court for lack of subject matter jurisdiction. (Doc. No. 5.) Specifically, Plaintiff argues that (1) Costco failed to produce sufficient evidence that Costco is a citizen of Washington, and (2) the amount in controversy does not meet the jurisdictional threshold. (Id.)

/ / /

/ / /

II. **DISCUSSION**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." Allen v. Boeing Co., 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citations omitted). There is a strong presumption against removal jurisdiction, and courts strictly construe the removal statute against removal jurisdiction. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" Hansen, 902 F.3d at 1057 (citations omitted); see also Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy must exceed the $75,000 threshold. See 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Id.

A. **Complete Diversity**

Plaintiff argues that Costco has not met its burden of establishing it is a citizen of Washington. (Doc. No. 5 at 6–7.) For the purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct,

control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010).

It is undisputed that Plaintiff is a citizen of California. (Doc. No. 1 ¶ 3; Doc. No. 5 at 6.) In its removal papers, Costco alleges that it was, at the time of the filing of this action, and still is, a citizen of the state of Washington. (Doc. No. 1 ¶ 4.) Costco further alleges that it is a Washington corporation with its headquarters and principal place of business in Washington.[1] (Id.) Courts throughout this Circuit routinely hold that Costco is a citizen of the state of Washington. See, e.g., Holliday v. Costco Wholesale Corp., No. 2:20-cv-01106-SVW-RAO, 2020 WL 1638607, at *1 (C.D. Cal. Apr. 2, 2020) (finding that "Costco is a Washington citizen for purposes of diversity jurisdiction"); Amirkhanian v. Costco Wholesale Corp., No. LA CV20-02582-JAK-AFMx, 2020 WL 4747612, at *2–*3 (C.D. Cal. Aug. 17, 2020) ("Costco is not a citizen of California.").

Accordingly, Costco is a citizen of Washington for purposes of diversity jurisdiction and thus, complete diversity of citizenship exists in this action. See Galarpe v. United Airlines, Inc., No. 17-cv-06514-EMC, 2018 WL 348161, at *2 (N.D. Cal. Jan. 10, 2018) (allegations in a notice of removal that the defendant's "principal place of business is in the State of Illinois, which is where [the defendant's] corporate headquarters and executive offices are located and where [the defendant's] high-level officers direct, control, and coordinate its activities" was sufficient to establish its citizenship and thereby complete diversity).

B.   **Amount in Controversy**

Plaintiff next argues that the amount in controversy does not exceed the $75,000 threshold. (Doc. No. 5 at 7–10.) Given that the complaint provides no indication as to the amount in controversy, it is Costco's burden to prove, by a preponderance of the evidence,

---

[1] Costco also requests that the Court take judicial notice of a court document for purposes of establishing its state citizenship. (Doc. No. 1 ¶ 19.) Plaintiff opposes Costco's request for judicial notice in her motion to remand. (Doc. No. 5 at 6–7.) The Court need not resolve Plaintiff's objection, as the Court does not reference or cite to the document at issue in the request for judicial notice. Accordingly, the Court denies Costco's request for judicial notice as moot.

that the amount in controversy exceeds $75,000. <u>Matheson</u>, 319 F.3d at 1090.

In its removal papers, Costco relies entirely on Plaintiff's statement of damages to prove the jurisdictional threshold. (<u>See</u> Doc. No. 1 ¶¶ 9–11.) In doing so, Costco argues that the amount in controversy "far exceed[s]" $75,000 because Plaintiff's statement of damages seeks $50,000 in medical expenses, $50,000 in future medical expenses, $50,000 in pain, suffering, and inconvenience damages, and $50,000 in emotional distress damages. (<u>Id.</u> ¶ 11 (emphasis removed).) The Court is not persuaded.

While a statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 (9th Cir. 2002), it "will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction." <u>Ortiz v. Costco Wholesale Corp.</u>, No. 19-CV-01293-JLS-BGS, 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (citing <u>Schroeder v. PetSmart, Inc.</u>, No. CV-191561-FMO-AGRx, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019)). Thus, "[e]ven in cases where a plaintiff alleges more than $75,000.00 in its statement of damages, that allegation alone, without support in either plaintiff's complaint or defendant's notice of removal, are not sufficient to carry defendant's burden to prove the required jurisdictional amount." <u>Id.</u> (citing <u>Boutorabi v. Gov't Emps. Ins. Co.</u>, No. SA-CV-171026-DOC-DFMx, 2017 WL 3037400, at *3 (C.D. Cal. July 18, 2017)).

Here, Plaintiff's statement of damages offers no explanation as to how Plaintiff arrived at her figures. (<u>See</u> Doc. No. 1-4, Statement of Damages); <u>see also</u> <u>Ortiz</u>, 2019 WL 3183675, at *3 (remanding a slip-and-fall case where the plaintiff's statement of damages did not explain how he arrived at his estimates); <u>Schroeder</u>, 2019 WL 1895573, at *3 (same). More importantly, Plaintiff maintains in her present motion that the amounts listed in her statement of damages are "not operative but 'pie-in-the-sky' wishes entered merely for default judgments." (Doc. No. 5 at 10; <u>see</u> Doc. No. 7.) In support, Plaintiff attached her September 30, 2021 demand letter to the present motion, revealing that Plaintiff's medical expenses totaled $7,088. (Doc. No. 5-1, Demand Letter.) Plaintiff further alleges that she has "not incurred any new medical expenses since that demand letter." (Doc. No. 5

at 4.) Moreover, Costco does not cite to additional facts in its notice of removal that support a damages award in excess of $75,000. (See Doc. No. 1.) Instead, Costco relies entirely on Plaintiff's statement of damages to prove the jurisdictional threshold. (Doc. No. 1 ¶¶ 9–11.) But "where a plaintiff takes steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount has been met." Vitale v. Celadon Trucking Services, Inc., No. CV-16-8535-PSG-GJSx, 2017 WL 626356, at *3 (C.D. Cal. Feb. 15, 2017); see also Graybill v. Khudaverdian, No. SA-CV-15-01627-CJC-JCGx, 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (granting a motion to remand under Cohn where a plaintiff's counsel "immediately disavowed the demand as a sort of pie-in-the-sky settlement wish and not a serious evaluation of the value of his claim").

Accordingly, Costco has not met its burden of proving, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," the Court remands this action back to the Superior Court of California, County of San Diego. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### C. Request for Attorney's Fees and Costs

Plaintiff also requests attorney's fees in the amount of eight thousand five hundred and twenty-five dollars ($8,525.00) pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11. (Doc. No. 5 at 10–11; Doc. No. 7 at 5.) Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In Martin, the Supreme Court made clear that attorney fees and costs should not be awarded "presumptively, or automatically" on remand. 546 U.S. at 136–37; Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). It follows that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." Lussier, 518 F.3d at 1065.

Here, the Court exercises its discretion to decline an award of attorney's fees and costs under 28 U.S.C. § 1447(c). While Plaintiff's statement of damages is a "bold optimistic prediction," see Ortiz, 2019 WL 3183675, at *2, Plaintiff presented this statement as part of the state court proceedings under a good faith obligation. Further, Plaintiff did not disavow the statement prior to removal. Although Costco's reliance on Plaintiff's statement of damages in seeking removal was improper, it was not objectively unreasonable. As for Plaintiff's request for sanctions under Rule 11, the request is procedurally deficient and thus, the Court declines to consider it.[2]

Accordingly, Plaintiff's request for attorney's fees and costs is denied.

## III.  CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand, denies Plaintiff's request for attorney's fees and costs, and remands this action back to the Superior Court of California, County of San Diego. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: September 18, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] Rule 11 requires that a "motion for sanctions . . . be made separately from other motions." Fed. R. Civ. P. 11.